[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION IN LIMINE
The plaintiffs sued the defendant landlord for damages suffered by the plaintiffs when the leased premises were destroyed by fire on December 24, 1988.
Following the fire, the lease was terminated but the plaintiffs had permission to enter the premises to retrieve their personal property.
On March 18, 1989, the plaintiffs had Michael L. Sinsigalli enter the premises to make an examination and report concerning the cause of the fire. Mr. Sinsigalli entered the premises at the plaintiffs' request but without any express authority and without the knowledge of the defendant. Relying largely on Mr. Sinsigalli's expert opinion as to the cause of the fire, this lawsuit was filed with a return date of the 3rd Tuesday in February 1990. CT Page 3618
In March of 1991, the defendant filed this Motion In Limine seeking to exclude any testimony and/or report of the plaintiffs' expert.
Defendant contends that the examination was unlawful and without permission, was a violation of the Practice Book, and that removal of the exhaust fan and associated wiring prejudices the defendant in his ability to defend.
The Court finds a surprising lack of authority on the question presented.
The Court finds that the plaintiffs had no permission to authorize the examination. The plaintiffs did have permission to be on the premises and neither they nor their expert were trespassers.
While Practice Book Section 227, has provisions for entry upon land "for the purpose of inspection . . . testing . . ." that section has no direct application prior to the institution of the action.
Because in the instant case the evidence supports the defendant's contention that he suffered actual prejudice in his ability to defend, the Court sees no need to decide whether the motion should be granted on a theory that illegally obtained evidence is excludable in civil cases. See Williams v. Williams, 8 Ohio Misc. 156, 221 N.E.2d 622
(1966) and Day and Zimmerman, Inc. v. Strickland, 483 S.W.2d 541
(Texas 1972).
The deposition of the defendant's fire expert, Thomas Haynes, was the only evidence presented at the argument on the motion relative to the question of prejudice to the defendant. In this disposition at pages 56 through 61, the defendant's expert testified to various reasons that the plaintiffs' expert's previous examination prejudiced the defendant in his ability to defend.
It is clear that when there is a failure to follow Practice Book rules evidence may be excluded, Seperack v. Solaz, 17 Conn. App. 684, 693 (1989). While the Court is aware of no Connecticut case where the failure to follow Practice Book rules preceeded the institution of the action, it is clear that Section 227 would have allowed an orderly CT Page 3619 procedure for this examination following the institution of an action.
Whatever the result may have been in the absence of actual prejudice, here the plaintiffs chose to proceed with unauthorized self help and without compliance with Section 227 and in the process they prejudiced defendant's ability to defend. The Court finds the Motion in Limine should be granted. It is so ordered.
BY THE COURT,
Kevin E. Booth Judge, Superior Court